## KIEFER v. GRAND TRUNK RY. CO. OF CANADA.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

DEPOSITION—EXTENSION OF TIME OF TAKING.

Before a commission to take depositions on behalf of plaintiff was executed defendant procured a stay order by which all proceedings in the action were stayed until the expiration of the time fixed for taking the depositions. Immediately after the stay was removed plaintiff applied to defendant for a stipulation extending the time for the commissioner to make his report, which was refused. Plaintiff then moved for an order extending the time, and at the hearing of the motion defendant showed no reason why the commission should not be executed. *Held,* that plaintiff, not being guilty of laches, was entitled to an extension, and it was error for the court to enforce, as a condition, the payment by plaintiff of money which plaintiff had theretofore been ordered to pay to defendant as a condition of opening a default in the action, which payment as a condition of opening the default the court had afterwards held to have been waived by defendant.

Appeal from special term, Erie county.

Action by Mary Kiefer, as administratrix of Joseph Kiefer, deceased, against the Grand Trunk Railway Company of Canada to recover damages for the negligent killing of plaintiff's intestate. From so much of an order of the special term as imposed terms on plaintiff as condition of extending time for the execution of an open commission to take evidence, plaintiff appeals. Reversed.

For former reports, see 8 N. Y. Supp. 230; 24 N. E. Rep. 1101; 13 N. Y. Supp. 860.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. W. Russell,* for appellant.  *George F. Brownell,* for respondent.

LEWIS, J. This action was commenced in January, 1884, to recover for the negligent killing of the plaintiff's intestate. On January 31, 1890, on motion of the plaintiff, an order was made that an open commission issue to Walter S. Jenkins, of Buffalo, authorizing him to examine witnesses to be produced on the part of the plaintiff, and any witnesses that might be produced on the part of the defendant; on or before the 7th day of April, 1890, in the city of Toronto, Can. On March 22, 1890, the attorneys entered into a written stipulation extending the time within which the commissioner was directed to execute the commission to September 20, 1890, and an order was duly entered on March 24, 1890, so extending the time. From July 8, 1890, down to October 23, 1891, the proceedings in the action were stayed by various orders obtained by the defendant, with the exception of intervals of a very few days. Shortly after October 23, 1891, the plaintiff's attorney applied to the defendant's attorney for a stipulation extending the time within which the commissioner might make his report. The defendant's attorney requested the plaintiff to wait a few days for a final answer to the request, and on November 16, 1891, the defendant was again requested to make a stipulation for the taking of the testimony, which request was declined, and thereupon this motion was made for the order appealed from. The special term granted the order extending the time to take the testimony to and including January 25, 1892, upon condition, however, that the plaintiff pay to the defendant's attorney, within 10 days from the entry of the order, $107.72, together with interest thereon from December 15, 1887, and also $10 motion costs. These sums had been theretofore directed to be paid by an order of the Erie special term, May 14, 1890, as a condition of opening a default taken by the defendant dismissing the plaintiff's complaint. The plaintiff never complied with the order of May 14, 1890, so far as the actual payment of the sums of money named was concerned. But it was held by this court, in the decision of an appeal from an order made in the action after the order of May 14, 1890, that the payment of these sums as a condition of opening the default had been waived by the defendant, and that the plaintiff was relieved from a compliance with that part of the first order. The question presented by this appeal is whether the terms upon which the order was granted were proper. The order granting the open commission, we must assume, was proper, and while it appears that the plaintiff allowed considerable time to elapse after the granting of the order without taking the testimony, before the expiration of the time the defendant stipulated to extend it to September 20th following. The plaintiff's attorney was not thereafter guilty of laches, for he took steps looking to the taking of the testimony as soon as the stay was removed. The date originally fixed as the limit for the taking of the testimony having passed, it became necessary to fix another day. Section 897, Code Civil Proc. No reason was shown by the defendant at the hearing of the motion why the commission should not be executed, and to that end another date fixed for the taking of the testimony, and there would seem to be no reason for imposing any terms as a condition of granting the order appealed from. It certainly was not proper for the court to impose such onerous conditions on granting the

·order. The stay orders mentioned were orders staying all proceedings in .the action, and prevented the taking of the testimony during the life of the ·orders. The plaintiff is indebted to the defendant in the sums fixed as con- ·ditions for the granting of the order, but that furnishes no reason for requir- ing their payment as a condition for granting the order appealed from. The ·order should be reversed, with $10 costs and disbursements of the appeal. All concur.